Filed 11/25/24  P. v. Dyer CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>              v.<br><br>STACEY DANIELLA DYER,<br><br>        Defendant and Appellant. | F087074<br><br>(Super. Ct. No. CF02902077)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2004, a jury convicted defendant Stacey Daniella Dyer of first degree murder and found true felony-murder special-circumstance allegations pursuant to Penal Code

section 190.2 alleging that the murder was committed during the commission or attempted commission of robbery, kidnapping, and carjacking. (Undesignated statutory references are to the Penal Code.) Following the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing, asserting she was entitled to resentencing under the new laws. The court denied defendant's petition, finding she was ineligible for relief.

We previously affirmed the court's order in an unpublished opinion, concluding the record established defendant was ineligible for resentencing as a matter of law based on the true findings on the special circumstance allegations. Defendant petitioned for review. The California Supreme Court transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Thereafter, we reversed the court's order and remanded the matter for the court to hold further proceedings consistent with this opinion.

On remand, the trial court again concluded the record of conviction in this matter establishes defendant is categorically ineligible for relief under section 1172.6. Defendant now appeals from that order, arguing the court erred in failing to issue an order to show cause and proceeding to an evidentiary hearing. She contends the jury instructions given in her case permitted the jury to convict her as the actual killer even if it did not conclude she personally killed the victim as required under the amended law.

We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Defendant and two codefendants (Daniel Ortega and Jesus Lopez) were charged with first degree murder (§ 187; count 1) and three special circumstances alleging they committed the murder during the commission or attempted commission of robbery (§ 190.2, subd. (a)(17)(A)), kidnapping (*id.*, subd. (a)(17)(B)), and carjacking (*id.*, subd. (a)(17)(L)). It was also alleged each defendant was armed with a firearm during the commission of the murder (§ 12022, subd. (a)(1)). Each defendant was also separately

2.

charged with second degree robbery (§ 211; count 2) and kidnapping (§ 207, subd. (a); count 3).  A jury convicted defendant (and both codefendants) of all the charges and found true the three felony-murder special-circumstance allegations and the allegation defendant was armed with a firearm during the commission of the murder.  The court sentenced defendant to life imprisonment without the possibility of parole plus an additional year on the murder count; determinate sentences on counts 2 and 3 were ordered stayed pursuant to section 654.  Our court affirmed defendant's conviction in an unpublished opinion.  (*People v. Lopez* (Mar. 12, 2007, F045815).)

In February 2019, defendant filed a form petition for resentencing pursuant to section 1170.95, hereafter section 1172.6.[1]  She checked boxes stating a charging document had been filed against her allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, she was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and she could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437).  She also checked a box requesting that counsel be appointed for her during the resentencing process.

The People opposed the petition, arguing the special circumstance findings rendered defendant ineligible for relief because she would have been convicted of murder despite the statutory changes made by Senate Bill 1437.  Specifically, they argued "the jury found beyond a reasonable doubt that the defendant was guilty of committing this murder during the commission of a robbery, kidnapping and carjacking.  On that basis, defendant at least has been found to be a major participant in the underlying robbery, carjacking and kidnapping and has been found to have acted with reckless indifference to

[1]Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  For purposes of clarity, we refer to the statute as section 1172.6.

3.

human life." They also moved to dismiss the petition, arguing Senate Bill 1437 was unconstitutional.

The superior court denied the petition, concluding defendant failed to make a prima facie showing she fell within the provisions of section 1172.6. The court held:

> "[Defendant] with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree and was a major participant in the robbery, kidnapping and carjacking and acted with reckless indifference to human life. [Defendant] is not eligible for resentencing."

Our court originally affirmed the trial court's order but later reversed and remanded the matter for further proceedings in an unpublished opinion after the case was transferred back from the California Supreme Court with directions for us to reconsider our holding in light of *People v. Strong*, *supra*, 13 Cal.5th 698. (See *People v. Dyer* (Nov. 22, 2022, F079609) [nonpub. opn.].) After the remittitur issued, the trial court reappointed defendant counsel for further proceedings.

Thereafter, the People filed another opposition on the merits to defendant's section 1172.6 petition for resentencing, asserting the jury found beyond a reasonable doubt that defendant was either the actual killer within the meaning of section 189, subdivision (e)(1), or aided and abetted with intent to kill within the meaning of section 189, subdivision (e)(2). The People asserted defendant was necessarily convicted under a still-valid theory based upon the jury instructions. Specifically, the jury convicted defendant of first degree murder and found true three felony-murder special circumstances. And, "[i]n CalJic 8.80.1, defendant [*sic*] jury was told that they could not find these special circumstances true unless they found that defendant was the actual killer or that she '… with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of robbery, kidnapping, and/or carjacking which resulted in the death of a human being, namely Donald Jameson Hunter.' Thus, the jury found that defendant was either (1) the actual

4.

killer within the meaning of § 189(e)(1) or (2) aided and abetted with the intent to kill within the meaning of § 189(e)(2)." In a footnote, the People noted section 189, subdivision (e)(2) "and the language of the jury instruction differ in that the former says '… or assisted the actual killer in the commission of murder in the first degree' and the latter says '… in the commission of robbery, kidnapping, and/or carjacking which resulted in the death of a human being, namely Donald Jameson Hunter.' Logically, one cannot act in the former manner and not be acting in the latter, and vice versa. The key is intent to kill." The People also asserted defendant's presence was not necessary during the prima facie proceedings.

Defendant filed a reply asserting she filed a facially sufficient petition, and the court should not consider the appellate opinions in this matter in determining whether a prima facie case had been made, citing *People v. Flores* (2022) 76 Cal.App.5th 974, 988.

On October 20, 2023, the trial court held a hearing on whether defendant had established a prima facie case for relief. The People argued the petition should be denied as a matter of law based on the record of conviction. They argued:

> "We know that she was convicted of first degree murder under a felony murder and some of the specials such as the robbery, the kidnap [*sic*] and the carjacking were found to be true by the jury.

> "When we look at the jury instructions it's pretty clear that she does not get relief according to the changes that were brought about by SB 1437 and 775. And that is because as it relates to felony murder, and this was a felony murder prosecution, there were no jury instructions on malice aforethought. This was a straight felony murder prosecution. So for her to actually get the benefit of the SB 1437 changes, the jury would have had to essentially receive the jury instructions dealing with natural, not natural and probable consequences, but major participant and reckless indifference.

> "As we know under current law, folks that are involved in felony murder crimes are still liable, criminally liable for murder, if they are the actual killers, aiders and abettors with intent to kill, or major participants acting with reckless indifference.

5.

"The jury instructions that were provided to [defendant's] jury did not have the major participant, reckless indifference language that we sometimes see. So the only instructions that they received where—and specifically with [defendant], because if we want to call it for what it is, based on the record of conviction she was not the killer, and we know that because there is a gun use finding that is the vicarious arming. The jury found that to be true as it related to her. So obviously she's an aider and abettor. But according to the jury instruction, if she's an aider and abettor, the jury had to find beyond a reasonable doubt that she had the intent to kill, and with that intent, she aided and abetted. And that's essentially the crux of this case and that's the reason why she's not eligible for relief. She's an aider and abettor with intent to kill, therefore, as a matter of law, she's not entitled to the relief that SB 1437 provides."

The court again denied defendant's petition for relief without issuing an order to show cause or holding an evidentiary hearing. It explained:

"The Court has made an independent review of the record in this case including the jury instructions provided to the jurors and the verdict form indicating the decision of the jury in this case. The Court notes that the jurors in [defendant's] case were specifically instructed pursuant to CALJIC 8.80.1 that they could not find a special circumstance to be true as to a defendant unless they were satisfied beyond a reasonable doubt that that defendant, … with the intent to kill, aided, abetted, counseled, commanded, induced, solicited requested or assisted in the act or in the commission of the underlying felony offenses, in this instance robbery, kidnapping and/or carjacking, which resulted in the death of a human being, in this case Donald Jameson Hunter. The jury finding that [defendant] was guilty of murder, finding the special circumstance to be true pursuant to 8.80.01, that she was an aider and abettor in the underlying crimes with the intent to kill, is a finding which takes her outside of the possibility of resentencing under 1172.6. In other words, [defendant] could still be convicted of murder under existing law as a matter of law based upon the jury's finding of facts, not this Court's finding of facts. Accordingly, because the jurors found that she had acted with an intent to kill as required under Penal Code Section 189(e)(2) as amended, she is not eligible for resentencing as a matter of law and the petition for resentencing is denied."

## DISCUSSION

Defendant appeals the court's denial of her petition for resentencing.

6.

## I.    Jury Instructions

Here, the jury was instructed on felony murder with CALJIC No. 8.21 as follows:

> "The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs during the commission of the crime of robbery, kidnapping and/or carjacking is murder of the first degree when the perpetrator had the specific intent to commit that crime.
>
> "The specific intent to commit a robbery, kidnapping, and/or carjacking and the commission of that crime must be proved beyond a reasonable doubt."

The jury was also instructed on aiding and abetting first degree felony murder pursuant to CALJIC No. 8.27:

> "If a human being is killed by any one of several persons engaged in the commission of the crimes of robbery, kidnapping, and/or carjacking, all persons, who either directly and actively commit the act constituting that crime, or who with knowledge of the unlawful purpose of the perpetrator of the crime and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid, promote, encourage, or instigate by act or advice its commission, are guilty of murder of the first degree, whether the killing is intentional, unintentional, or accidental."

Most relevant here, the jury was instructed on the special circumstances allegations pursuant to CALJIC No. 8.80.1 as follows:

> "If you find the defendant in this case guilty of murder of the first degree, you must then determine if one or more of the following special circumstances is true or not true.  Was the murder committed while the defendant was engaged in, or an accomplice in, the commission of the following felonies within the meaning of Penal Code section 190.2(17):
>
> "(A) Robbery;
>
> "(B) Kidnapping; and/or
>
> "(L) Carjacking.
>
> "The People have the burden of proving the truth of a special circumstance.  If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

7.

"If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.

"If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of robbery, kidnapping, and/or carjacking which resulted in the death of a human being, namely Donald Jamison Hunter.

"You must decide separately as to each of the defendants the existence or nonexistence of each special circumstance alleged in this case. If you cannot agree as to all the defendants, but can agree as to one or more of them, you make your finding as to the one or more upon which you do agree.  [¶] … [¶]

"You must decide separately each special circumstance alleged in this case as to each of the defendants. If you cannot agree as to all of the special circumstances, but can agree as to one or more of them, you must make your finding as to the one or more upon which you do agree.

"You will state your special finding as to whether this special circumstance is or is not true on the verdict form that will be supplied."

## II.     Senate Bill 1437 and Senate Bill No. 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019.  Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  It amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it added section 1170.95, now section 1172.6, which provides a procedure by which those convicted of murder can seek retroactive relief if the

8.

changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1172.6, which provides a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1172.6 (former § 1170.95) permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the

9.

court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of this section to expand the scope of the petitioning procedure, in part, by expressly permitting persons convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.) Under the amended statute, an offender may file a petition under section 1172.6 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]
>
> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

Upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid*.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) At the prima facie inquiry stage, ""the court takes

petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'"'" (*Id.* at p. 971.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.)

"If the petitioner has made a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) "Within 60 days after the order to show cause has issued," the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

## II.    Analysis

Defendant contends the court erred in concluding the record of conviction refuted the allegations in her facially sufficient petition. She asserts the jury's true finding as to the special circumstance allegation and the jury having been instructed with CALJIC No. 8.80.1 do not establish as a matter of law that she is ineligible for relief under section 1172.6. She argues "courts have reiterated that the special circumstance allegation does not extend to those who cause a death, but only to those who personally kill the victim," citing *People v. Garcia* (2020) 46 Cal.App.5th 123 and *People v. Lopez* (2022) 78 Cal.App.5th 1 in support. And, she asserts, the given instructions, including CALJIC No. 8.80.1, permitted the jury to find the special circumstance allegation true if it concluded she was the proximate cause of the murder, even if she lacked the intent to kill

11.

or did not personally kill the victim.  She contends"[a]n actual killer must personally kill the victim; proximate causation will not suffice for murder liability to attach."[2]  For the reasons that follow, we reject defendant's contention.

Here, the record of conviction, namely the jury instructions and the jury's verdict, establish defendant's murder conviction remains valid under section 189 as amended by Senate Bill 1437.  That is, in light of the modified CALCRIM No. 8.80.1 instruction given in this case, the jury's special circumstance finding establishes it either found (1) "beyond a reasonable doubt that the defendant actually killed a human being" or, (2) if it was unable to decide whether defendant was the actual killer or an aider and abettor,  it found "beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of robbery, kidnapping, and/or carjacking which resulted in the death of a human being, namely Donald Jamison Hunter."

To the extent defendant asserts such a conclusion was insufficient to establish defendant's liability as the actual killer because it did not require the actual killer to harbor an intent to kill, "[a]s amended by Senate Bill No. 1437, the text of section 189 provides no additional or heightened mental state requirement for the 'actual killer'

_____

[2]Defendant asserts that "not all murders will have an 'actual killer.'  In such instances murder liability is necessarily predicated on the imputation of malice."  She cites *People v. Hernandez* (1985) 169 Cal.App.3d 282, 286 in support of this contention.  *Hernandez* rejected the defendant's argument that the felony-murder rule should be inapplicable where he did not shoot or initiate any life-threatening violence against his victim.  (*Id*. at p. 287.)  *Hernandez* concluded, as long as the homicide is the direct causal result of the robbery the felony-murder rule applies whether or not the death was a natural or probable consequence of the robbery.  (*Ibid*.)  In reaching its conclusion, *Hernandez* discussed the California Supreme Court's holding in *People v. Dillon* (1983) 34 Cal.3d 441 that malice aforethought is not an element of murder under the felony-murder doctrine and felony murder encompasses "'a variety of unintended homicides resulting from reckless behavior, or ordinary negligence, or pure accident; it embraces both calculated conduct and acts committed in panic or rage, or under the dominion of mental illness, drugs, or alcohol, and it condemns alike consequences that are highly probable, conceivably possible, or wholly unforeseeable.'"  (*Hernandez*, at p. 287; *Dillon*, *supra*, at pp. 475, 476.)

12.

prosecuted under a felony-murder theory; it requires only that '[t]he person was the actual killer.' (§ 189, subd. (e)(1).)" (*People v. Garcia* (2022) 82 Cal.App.5th 956, 967.) "By contrast, the new section 189, subdivision (e) requires that accomplices in an enumerated felony harbor a more culpable mental state than was previously required." (*Ibid.*) And there is no basis upon which to conclude the instructions permitted the jury to convict defendant as the actual killer on the grounds she proximately caused the victim's death.

The cases defendant relies upon to urge a different conclusion are inapposite. *People v. Garcia*, *supra*, 46 Cal.App.5th 123 involved a direct appeal during which one of the two defendants challenged a special circumstance finding on the grounds the court prejudicially erred in instructing the jury. (*Id.* at p. 149.) In *Garcia*, the victim's probable cause of death was "asphyxia due to suffocation by the duct tape over [the victim's] mouth" during a residential robbery. (*Id.* at p. 136.) The prosecutor argued in closing argument that the jury could find true the robbery-murder special circumstance for the defendant as an actual killer because the defendant "did an act that caused the death of another person by giving the duct tape, 'the instrumentality of death,' to a coperpetrator." (*Id.* at p. 149.) The court instructed the jury with CALCRIM No. 730 that read in relevant part:

> "'Each defendant is charged with the special circumstance of murder committed while engaged in the commission of robbery in violation of Penal Code section 190.2(a)(17).
>
> "'To prove that this special circumstance is true, the People must prove that:
>
> "'1. The defendant committed or aided and abetted, or was a member of a conspiracy to commit robbery.
>
> "'2. The defendant intended to commit, or intended to aid and abet the perpetrator in committing, or intended that one or more of the members of the conspiracy commit robbery.

"'AND

"'3.  The defendant did an act that caused the death of another person.  [¶] … [¶]

"'The defendant must have intended to commit or aided and abetted or been a member of a conspiracy to commit the felony of robbery before or at the time of the act causing the death.'"  (*People v. Garcia*, *supra*, 46 Cal.App.5th at pp. 149–150.)

*Garcia* held there was a reasonable likelihood these instructions, paired with the prosecutor's argument that "actual infliction of harm to the victim is not necessary to find [the defendant] to be an actual killer," allowed the jury to find the special circumstance true if it determined that the defendant "'caused' [the victim's] death even if it did not find beyond a reasonable doubt that [the defendant] participated in the taping of [the victim's] face," where the victim died of asphyxiation.  (*People v. Garcia*, *supra*, 46 Cal.App.5th at pp. 153, 155, 156.)  *Garcia* concluded such a theory was "contrary to law," which holds "[t]he actual killer is the person who personally kills the victim."  (*Id.* at pp. 155, 152.)

In *People v. Lopez*, *supra*, 78 Cal.App.5th 1, the Fourth District Court of Appeal, Division Three, held the trial court erred by denying the defendant's petition for resentencing without issuing an order to show cause.  (*Id.* at p. 20.)  The *Lopez* court explained, based on the jury's verdict of first degree murder and its true finding on a robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)), the jury either "found defendant guilty of first degree malice aforethought murder with a robbery-murder special circumstance, or … first degree felony murder with a robbery-murder special circumstance."  (*Lopez*, at p. 14.)  The *Lopez* court explained "[the d]efendant was prosecuted solely under the theory he was the actual killer and committed the robbery alone."  (*Id.* at p. 15.)  The jury was instructed in part with CALCRIM No. 540A that, to find the defendant guilty of felony murder, it had to find he committed robbery and "'[w]hile committing robbery, the defendant *caused the death of another person*.'"

14.

(*Lopez*, at p. 16.) The jury was also instructed with CALCRIM No. 730 that, to find the robbery-murder special-circumstance allegation to be true, the jury had to find the defendant "'did an act that *caused the death of another person*.'" (*Lopez*, at p. 16.) The *Lopez* court concluded the jury's guilty verdict and special circumstance finding established it necessarily found the defendant "'caused the death of another person'" and "'did an act that caused the death of another person.'" (*Ibid*.)

The *Lopez* court noted, however, the California Supreme Court has used the term "personally killed" in referring to an actual killer's liability for felony-murder special circumstance, and it "makes sense to interpret the term actual killer to have the same meaning in both section 189(e)(1) and section 190.2(b)." (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 19.) Applying that principle, the *Lopez* court concluded the record of conviction did not permit it to say as a matter of law the jury found the defendant personally killed the victim. (*Ibid*.) Rather, "it was possible for the jury to have found defendant guilty of felony murder, and found to be true the robbery-murder special-circumstance allegation, without finding defendant was the actual killer." (*Id*. at pp. 4–5.) The *Lopez* court explained: "The jury was not instructed it had to find defendant personally killed the victim to convict him; the jury was instructed it only had to find defendant committed an act that caused the victim's death." (*Id*. at p. 20.) Accordingly, "[t]he jury might have found defendant, though not the actual killer, participated somehow in the home invasion robbery, and the victim's death was the direct, natural, and probable consequence of an act committed in the course of his participation." (*Ibid*.) Thus, the *Lopez* court concluded the trial court erred in finding the record established the defendant was ineligible for relief under section 1172.6 resentencing as a matter of law. (*Lopez*, at p. 5.)

Unlike in *Garcia* and *Lopez*, the jury in this case was not asked whether defendant merely "committed an act that *caused* the death" (CALCRIM No. 520, italics added) such that the jury could have concluded defendant was the actual killer (and thereby

15.

found the special circumstance allegation true) without finding defendant personally killed the victim. Rather, to the extent the jury relied upon a finding defendant was the actual killer to find the special circumstance allegation true—its verdict, in light of the jury instructions, establishes it was "satisfied beyond a reasonable doubt that the defendant *actually killed a human being*." (CALJIC No. 8.80.1, italics added.) Thus, defendant's reliance upon these cases is misplaced. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 59–60 [comparing instructions and distinguishing *Lopez* because the "jury instructions were materially dissimilar" and concluded jury necessarily found the defendant "actually killed" the victim given the language in the instructions that stated "kills," "actually killed," and "personally inflicted great bodily injury"].)

Similarly, the instructions and special circumstance finding foreclosed a scenario in which defendant was convicted as an aider and abettor who did not act with intent to kill. Rather, if the jury determined defendant was guilty as an aider and abettor in the underlying crime that resulted in death, in order to find the special circumstance true in light of the given instructions, the jury necessarily concluded defendant acted with the intent to kill.

In her reply brief, defendant cursorily states for the first time that the jury instructions and special circumstances finding do not render her ineligible for relief as a matter of law because they do not establish the requisite actus reus for her to be convicted as an aider and abettor under the amended law—that she aided and abetted the "actual killer." She cites *People v. Ervin* (2021) 72 Cal.App.5th 90 (*Ervin*) in support of her contention.

Initially, "we do not consider arguments raised for the first time in a reply brief." (*People v. Mickel* (2016) 2 Cal.5th 181, 197.) Nevertheless, we note the circumstances and instructions in *Ervin*—permitting the jury to convict the defendant as an aider and abettor without necessarily concluding he had the intent to kill—are distinct from those present here.

16.

In *Ervin*, the prosecution presented trial evidence that Ervin held a gun to the head of an employee of a COMP USA store and then corralled the employee along with two other employees into the COMP USA restroom. (*Ervin*, *supra*, 72 Cal.App.5th at p. 96.) Ervin left the restroom, returned after a few minutes, and asked the employees how to work the loading dock door before leaving again, and then the three employees heard a woman scream and a bang. (*Ibid.*) "'Ervin reappeared, but this time his gun hand was shaking, and he seemed nervous, asking if an alarm had gone off." (*Ibid.*) Police arrived at the scene and saw Ervin running from the side of the building towards a car with two occupants. (*Ibid.*) The defendant tried to get into the car, but it sped away from his grasp. (*Id.* at pp. 96–97.) The police approached Ervin and found a .38-caliber revolver in his pocket with a single expended shell casing in a cylinder chamber. (*Id.* at p. 97.) At trial, the defendant denied shooting the victim and stated he was at the scene against his will at the direction of two gang members. (*Ibid.*) He stated the leader of the group took the gun from him and he sent Ervin back inside where Ervin heard a gunshot ring out. (*Ibid.*)

The jury convicted Ervin of burglary, robbery, and murder and found true two felony-murder special-circumstance allegations. (*Ervin*, *supra*, 72 Cal.App.5th at p. 94.) However, it found not true an allegation Ervin personally used a firearm as to the murder count. (*Ibid.*) With a motion for new trial, Ervin submitted 10 juror affidavits in which the jurors stated they either did not believe Ervin had the intent to kill; Ervin did not shoot the victim; and/or those facts were not proven beyond a reasonable doubt. (*Id.* at p. 98.) The affidavits were struck by the trial court and, on appeal, the court affirmed the judgment, noting "'that felony murder … does not entail an express intent to kill. The intent which the felon must be shown to have is only the intent to commit the underlying felony; the murderous intent is then "imported." [Citations.] It is truly irrelevant that some jurors expressed an opinion that Ervin was not the one who pulled the trigger …."' (*Id.* at p. 99.)

In 2019, Ervin filed a section 1170.95 (now section 1172.6) petition for relief from his murder conviction. (*Ervin*, *supra*, 72 Cal.App.5th at p. 99.) After initially issuing an OSC and receiving further briefing, the trial court found Ervin made a prima facie showing demonstrating entitlement to relief. (*Id*. at p. 100.) A month later, however, the trial court reversed its ruling, vacating the OSC and summarily denying the section 1170.95 petition. (*Ibid*.) On appeal from the denial of the section 1170.95 petition, the Fourth District Court of Appeal, Division Three, concluded the trial court erred in summarily denying the petition because the jury could have potentially found the defendant guilty of murder as an aider and abettor under the former first degree felony-murder rule. (*Ervin*, at p. 104.) It explained, the *Ervin* jury was instructed on "two theories of first degree murder: a premeditated and deliberate murder, and the former felony-murder rule (the court did not instruct on the natural and probable consequences doctrine)." (*Id*. at p. 102.) Despite the prosecution's theory of the case that Ervin was the actual killer, the jury did not find he used a gun in the commission of the murder. Therefore, the jury potentially found Ervin guilty of murder as an aider and abettor under "the now invalid felony-murder rule." (*Id.* at p. 104.)

The *Ervin* court concluded the special circumstance findings did not cure the problem. The jury was instructed on the felony-murder circumstance allegations:

> "'*If you find [the] defendant guilty of murder of the first degree*, you must then determine if … the following special circumstance[s]: [are] true or not true: (1) it is further alleged that the murder of Kathy C. Lee was committed by said defendant, …ERVIN, while the defendant was engaged in the commission of the crime of burglary …. It is further alleged that the murder of Kathy C. Lee was committed by said defendant …, while the defendant was engaged in the commission of the crime of robbery, or attempted robbery ….

> "'The People have the burden of proving the truth of a special circumstance. If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

18.

"'[If you find beyond a reasonable doubt that the defendant [was either the actual killer or an aider or abettor, but you are unable to decide which], then you must also find beyond a reasonable doubt that the defendant intended *either to kill a human being or to aid another in the killing of a human being* in order to find the special circumstance to be true.] [On the other hand, if you find beyond a reasonable doubt that the defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true.' (CALJIC No. 8.80, italics added.)" (*Ervin*, *supra*, 72 Cal.App.5th at p. 107.)

The *Ervin* court observed, "[t]he long-standing felony-murder special-circumstance sentencing enhancement under section 190.2, and the current first degree felony-murder rule under section 189, are similar in their descriptions, but they are not identical. The felony-murder special circumstance generally requires the jury to find a defendant aided and abetted '*any actor* in the commission of murder in the first degree,' while the current felony-murder rule more specifically requires the jury to find a defendant aided and abetted '*the actual killer* in the commission of murder in the first degree.' (Cf. §§ 190.2, subd. (c), 189, subd. (e)(2), italics added.)" (*Ervin*, *supra*, 72 Cal.App.5th at p. 106.) It noted, "*[i]n most cases, this distinction would likely not matter. But based on the entire record of conviction—to include the trial court's 1993 jury instructions, the prosecution's closing argument, and the jury's inconsistent verdicts—we cannot find the jury's true findings on the felony-murder special-circumstance allegations categorically preclude Ervin from obtaining relief under section 1170.95 as a matter of law." (*Ibid.*, italics added.)

The *Ervin* court found the conditional wording in the instruction allowed the jury to find Ervin aided and abetted killing a person *without* the intent to kill. (*Ervin*, *supra*, 72 Cal.App.5th at p. 108.) Specifically, it concluded, "it is possible the jurors misinterpreted the 1993 instruction to mean they could find the felony-murder special-circumstance allegation true if they generally found Ervin aided and abetted *another* in the commission of the robbery or burglary (that ultimately led to the killing of a human

19.

being), rather than a more specific finding that Ervin aided and abetted 'the actual killer … with the intent to kill.' (See § 189, subd. (e)(2).)" (*Id*. at pp. 108–109.) In support of its conclusion, the *Ervin* court also relied upon the prosecutor's closing argument in which the prosecutor argued in part, "*[I]f you find a robbery happened and somebody was killed during the commission of it, that's all that matters as far as the special circumstance finding.*' (Italics added.)" (*Ibid*.) The prosecutor also asked the jury "to *return special circumstances* of robbery and burglary, burglary [*sic*]. *He entered with the intent to steal. That's it.*' (Italics added.)" (*Ibid*.) The *Ervin* court also concluded the jury's inconsistent verdicts (the jury found the personal use of a firearm enhancement not true) supported its conclusion. (*Id*. at pp. 110–111.) The *Ervin* court further explained, while there was evidence the defendant was the actual shooter or he aided and abetted one of the other robbers in the shooting (not the actual killer), there was no evidence "Ervin 'aided, abetted … or assisted the *actual killer* in the commission of murder in the first degree.'" (*Id*. at p. 111.) Accordingly, it concluded the jury's findings did not categorically prohibit Ervin from relief under section 1170.95 (now section 1172.6). (*Ervin*, at p. 111.)

First, we note the instructions and circumstances of *Ervin* are distinct from those at issue here. Unlike in *Ervin*, here, the jury instructions regarding the special-circumstance allegations required the jury to conclude defendant was either the actual killer or she acted with the intent to kill as an aider and abettor. Thus, the circumstances present in *Ervin* that supported a conclusion the jury could have found the special-circumstance allegation true under an aiding and abetting theory without concluding the defendant harbored the intent to kill—including the conditional language of the special circumstance-instruction—are not present here. Rather, to the extent defendant here was convicted as an aider and abettor, the special circumstance finding necessarily establishes the jury found she acted with the intent to kill. Furthermore, unlike in *Ervin*, the verdicts here were consistent—the jury found defendant guilty of first degree murder, robbery,

20.

kidnapping, and carjacking, found that she personally used a firearm during the murder and robbery, and found true the special-circumstance allegations—which aligned with the theories of liability at trial. Defendant fails to explain why the unique circumstances of *Ervin* compel a different conclusion in this case. (See *People v. Morris* (2024) 100 Cal.App.5th 1016, 1029, review granted July 17, 2024, S284751 [noting "the special circumstance instruction given in *Ervin* was markedly different than that given to the jury in this case"; it "was written in the disjunctive with only one portion expressly referencing an intent to kill. Added to the extremely unique circumstances evidenced in the record, *Ervin* effectively concluded the jury's special circumstance findings should not have ascribed to them the same implications they would otherwise have in a typical case. Those exceptional circumstances are not present here, and the special circumstance instruction given in this case clearly required a finding of intent to kill"].) Defendant generally asserts "the record does not conclusively establish that the jury's verdict was necessarily based on a finding that [she] acted with malice aforethought." However, as discussed, we disagree with this contention. Rather, based upon the express language of the jury instructions given in this case, the jury had to find defendant was the actual killer or acted as an aider and abettor with the intent to kill to find true the special circumstance findings.

Thus, we conclude the trial court did not err in ruling the record of conviction established defendant is ineligible for relief as a matter of law and denying her 1172.6 petition for relief on that basis. (See generally *People v. Strong* (2022) 13 Cal.5th 698, 715 [concluding "the structure of [section 1172.6]—which permits trial courts to consult the record of conviction to determine whether the defendant has made out a prima facie case of eligibility [citation], and which notably does not open resentencing to every previously convicted murder defendant—strongly suggests the Legislature contemplated that many, and perhaps most, such findings would be given effect on resentencing. Had the Legislature intended to permit wholesale relitigation of findings supporting murder

21.

convictions in the context of section 1172.6 resentencing, we expect it would have said so more plainly"].)  For the same reason, we reject defendant's contention that denial of her petition without issuance of an order to show cause violated her right to due process under the Fourteenth Amendment.  The record of conviction establishes defendant is necessarily ineligible for relief as a matter of law.

## DISPOSITION

The court's order denying defendant's petition for resentencing is affirmed.


                                                                    PEÑA, J.
WE CONCUR:


LEVY, Acting P. J.


SNAUFFER, J.

22.